UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| QUINTIN SLAUGHTER, on behalf of himself and all others similarly situated, ) ) ) | CASE NO. |
| Plaintiff, ) ) | JUDGE |
| vs. ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| THE LINCOLN ELECTRIC COMPANY, ) ) | |
| Defendant. ) ) ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Quintin Slaughter ("Plaintiff"), by and through counsel, for his Complaint against Defendant, The Lincoln Electric Company ("Defendant"), and based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, states and alleges as follows:

## INTRODUCTION

1) This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; and concerns the underpayment of overtime to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" employees who may join this case pursuant to §216(b) (the "Opt-Ins").

1

3) Plaintiff Quintin Slaughter further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all similarly situated employees currently or previously employed at Defendant's Ohio locations within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

4) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7) Plaintiff Quintin Slaughter is an adult individual residing in Cuyahoga County, Ohio.

8) At all relevant times, Plaintiff and those similarly situated were employees within the meaning of the FLSA and the OMFWSA.

9) Defendant is a for-profit Ohio corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant's principal place of business is located in Cuyahoga County, Ohio. Defendant can be served through its Statutory Agent, Frederick G. Stueber at 22801 St. Clair Ave., Cleveland, OH 44117-1199.

10) At all relevant times, Defendant conducted business in Cuyahoga County, Ohio.

11) At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA

12) At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14) Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

15) Defendant is an Ohio corporation that, among other things, manufactures and sells welding equipment with multiple facilities in Ohio, among other places.

16) Defendant is "Headquartered in Cleveland, Ohio," and holds itself out as having "56 manufacturing locations, including operations and joint ventures in 23 countries, and a worldwide network of distributors and sales offices reaching over 160 countries."[1]

17) Plaintiff was employed by Defendant as a non-exempt production employee at Defendant's Euclid, Ohio location since approximately June 25, 2018.

18) Other employees similarly-situated to Plaintiff are or were employed at Defendant's Euclid and Mentor, Ohio locations.

19) Plaintiff and other similarly-situated employees were non-exempt employees under the FLSA and the OMFWSA, who were paid piece rate or hourly wages and who were paid non-discretionary bonuses.

20) Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

---

[1] https://web.archive.org/web/20181115135248/https://www.lincolnelectric.com/en-us/company/pages/lincoln-worldwide.aspx

21) Plaintiff and those similarly situated were required to clock in at the start of each scheduled shift and clock out at the end of each scheduled shift.

### Defendant Requires Its Employees To Perform Unpaid Work Before And After Their Shifts

22) Before the start of their shifts, Plaintiff and others similarly situated were required to perform certain unpaid off-the-clock work activities.

23) Similarly, after the conclusion of their shifts, Plaintiff and others similarly situated were required to perform certain unpaid off-the-clock work activities.

24) These activities were a necessary and indispensable part of their principal activities, were required by Defendant, were required under the Occupational Safety and Health Administration ("OSHA"); and were performed for the Defendant's benefit in that it helped keep the Defendant's facility safe, and it helped promote a more safe and efficient manufacturing and/or packing process.

25) Some of these activities included, but are not limited to, cleaning and donning certain safety and protective clothing and equipment before clocking in, and doffing and cleaning the same clothing and equipment after clocking out.

26) Further, because of locations in which lockers were and where the clothing and equipment was stored and/or where the equipment needed to be cleaned, Plaintiff and those similarly situated were not paid for time walking to and from the foregoing various locations within the Defendant's work location.

27) Defendant's failure to pay Plaintiff and those similarly situated for the activities described herein resulted in Plaintiff and those similarly situated being denied overtime compensation.

**Defendant's Unlawful Rounding**

28) In addition to not being paid for the pre-shift and post-shift activities described herein, Defendant had a uniform, company-wide improper time rounding policy that always rounded in Defendant's favor, resulting in unpaid work time. This improper rounding practice results in its employees losing credit for time actually worked.

**Defendant Fails To Include Non-Discretionary Bonuses
In Its Employees Regular Rate of Pay**

29) Additionally, Plaintiff and others similarly situated were paid non-discretionary bonuses, which were not calculated into their regular rates for purposes of calculating overtime compensation.

30) The FLSA and Ohio law mandate that non-discretionary bonuses be accounted for when determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

31) Plaintiff and other similarly-situated employees, as full-time employees, regularly worked over 40 hours in a workweek during the last three years, often independently of the unrecorded pre- and post-shift work and/or rounding by Defendant.

32) The amount of time Plaintiff and other similarly-situated employees spent on their pre- and/or post-shift work activity was more than *de minimis*. It is estimated to be approximately fifteen (15) to thirty (30) minutes or more each day. Accordingly, this resulted in approximately one (1) hour and forty-five (45) minutes to two (2) hours and fifty (50) minutes or more of unpaid overtime per class member, per week resulting only from the unrecorded pre- and/or post-shift work.

33) The amount of unpaid overtime is increased further by Defendant's company-wide improper rounding practice and failure to account for non-discretionary bonuses.

34) As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid all overtime compensation for all of the hours they worked over forty (40) each workweek.

35) Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law. For example, the time clock used by Plaintiff and other similarly-situated employees was near the foreman's office; thereby putting Defendant on actual notice of these violations.

36) Defendant failed to make, keep, and preserve records of all required and unpaid work performed by Plaintiff and other similarly-situated employees. Therefore, Plaintiff and other similarly-situated employees are entitled to a reasonable estimate of such time.

## COLLECTIVE ACTION ALLEGATIONS

37) Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of three (3) classes of other similarly-situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

38) The FIRST class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current piece rate and hourly employees employed at Defendant's Ohio facilities who performed off-the-clock pre- and/or post-shift work within three years preceding the date of filing of this Complaint to the present (the "FLSA OTC Class").**

39) The SECOND collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

**All former and current piece rate and hourly employees employed at Defendant's Ohio facilities who were subject to rounding within three years preceding the date of filing of this Complaint to the present (the "FLSA Rounding Class").**

40) The THIRD class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

**All former and current piece rate and hourly employees employed at Defendant's Ohio facilities, who worked overtime, and received non-discretionary bonuses within three years preceding the date of filing of this Complaint to the present (the "FLSA Bonus Class").**

41) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

42) The similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

43) Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and three classes of current or former employees employed by Defendant at its Ohio facilities within the last two years.

44) The FIRST Rule 23 class is defined as:

**All former and current piece rate and hourly employees employed at Defendant's Ohio facilities who performed off-the-clock pre- and/or post-shift work within two years preceding the date of filing of this Complaint to the present (the "Ohio OTC Class").**

45) The SECOND Rule 23 class is defined as:

**All former and current piece rate and hourly employees employed at Defendant's Ohio facilities who were subject to rounding within two years preceding the date of filing of this Complaint to the present (the "Ohio Rounding Class").**

46) The THIRD Rule 23 class is defined as:

**All former and current piece rate and hourly employees employed at Defendant's Ohio facilities, who worked overtime, and received non-discretionary bonuses within two years preceding the date of filing of this Complaint to the present (the "Ohio Bonus Class").**

47) Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio OTC, Ohio Rounding, or Ohio Bonus Class but, upon information and belief avers that each consists of at least 40 employees.

48) There are questions of law or fact common to the Ohio OTC Class including: whether Defendant failed to pay its employees for their pre- and/or post-shift activities and whether this practice resulted in the underpayment of overtime.

49) There are questions of law or fact common to the Ohio Rounding Class including: whether Defendant's rounding practice resulted in the underpayment of overtime.

50) There are questions of law or fact common to the Ohio Bonus Class including: whether Defendant failed to include non-discretionary bonuses into calculating the regular rate for the purposes of overtime compensation.

51) Plaintiff will adequately protect the interests of each and all of the Ohio OTC, Ohio Rounding, and Ohio Bonus Classes (collectively the "Ohio Classes"). His interests are not

8

antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Classes in this case.

52) The questions of law or fact that are common to the each of the respective Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to each class, listed above, are common to each class as a whole, and predominate over any questions affecting only individual class members.

53) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT ONE**</u>
**(Overtime Violations – FLSA OTC Class)**

54) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

56) Defendant violated the FLSA by having a company-wide policy requiring Plaintiff and those similarly-situated to preform off-the-clock work for pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated.

57) Defendant further violated the FLSA with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

58) Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

59) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

60) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

61) As a result of Defendant's practices and policies, Plaintiff and the FLSA OTC Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

**COUNT TWO**
**(Overtime Violations – FLSA Rounding Class)**

62) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

64) The FLSA permits an employer to round to the nearest quarter hour, so long as the rounding is not always in the employer's favor. For example, if an employer rounds, time from 1-7 minutes may be rounded down, but must round up time from 8-14 minutes.

65) Here, Defendant's uniform company-wide policy, Defendant rounds its employees' clock-in time in a manner in which an employee always loses credit for time actually worked, thereby resulting in the underpayment of overtime.

66) Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

67) Defendant's failure to keep accurate records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

68) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

69) As a result of Defendant's practices and policies, Plaintiff and the FLSA Rounding Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

**COUNT THREE**
**(Overtime Violations – FLSA Bonus Class)**

70) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

72) The FLSA mandates that non-discretionary bonuses be accounted for when determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

73) Plaintiff and those similarly situated were paid non-discretionary bonuses, which were not calculated into their regular rates for purposes of calculating overtime compensation.

74) Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay, including non-discretionary bonuses, for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

75) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

76) As a result of Defendant's practices and policies, Plaintiff and the FLSA Bonus Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT FOUR
### (Overtime Violations – Ohio OTC Class)

77) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

78) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

79) Defendant violated Ohio law by having a company-wide policy requiring Plaintiff and those similarly-situated to preform off-the-clock work for pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated.

80) Defendant further violated Ohio law with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

81) Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

82) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated Ohio law.

83) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

84) As a result of Defendant's practices, Plaintiff and the Ohio OTC Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## COUNT FIVE
### (Overtime Violations – Ohio Rounding Class)

85) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

86) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

87) Defendant's uniform company-wide policy, Defendant rounds its employees' clock-in time in a manner in which an employee always loses credit for time actually worked.

88) Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation for all hours worked in excess of 40 due to Defendant's company-wide rounding policy.

89) Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

90) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated Ohio law.

91) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

92) As a result of Defendant's practices, Plaintiff and the Ohio Rounding Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## COUNT SIX
**(Overtime Violations – Ohio Bonus Class)**

93) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

94) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

95) Under Ohio law, non-discretionary bonuses must be accounted for when determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

96) Plaintiff and those similarly situated were paid non-discretionary bonuses, which were not calculated into their regular rates for purposes of calculating overtime compensation.

97) Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay, including non-discretionary bonuses, for all hours worked over forty (40) each workweek violated Ohio law.

98) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

99) As a result of Defendant's practices, Plaintiff and the Ohio Bonus Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certifying this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the three FLSA Classes (OTC, Rounding and Bonus); and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b), and the Ohio Classes;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre-judgment and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

> Respectfully submitted,
>
> Nilges Draher LLC
>
> */s/ Hans A. Nilges*
> Hans A. Nilges (0076017)
> Shannon M. Draher (0074304)
> Robi J. Baishnab (0086195)
> 7266 Portage Street, N.W., Suite D
> Massillon, OH 44646
> Telephone:   (330) 470-4428
> Facsimile:   (330) 754-1430
> Email:  hans@ohlaborlaw.com
>           sdraher@ohlaborlaw.com
>           rbaishnab@ohlaborlaw.com
>
> *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

> */s/ Hans A. Nilges*
> Hans A. Nilges (0076017)