**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| QUINTIN SLAUGHTER, on behalf of himself and others similarly situated, | ) ) ) Case No. 1:18-CV-02705 |
| Plaintiff, | ) ) Judge Pamela A. Barker |
| v. | ) ) ) **ORDER GRANTING JOINT MOTION** |
| THE LINCOLN ELECTRIC COMPANY, | ) **FOR APPROVAL OF COLLECTIVE** ) **ACTION SETTLEMENT AND** ) **DISMISSAL WITH PREJUDICE** |
| Defendant. | ) |

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement ("Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve as fair and reasonable, the proposed settlement (the "Settlement") reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release (the "Agreement"), which is attached to the Joint Motion as **Exhibit A**. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.

Having reviewed the Joint Motion and its exhibits, the Agreement, the supporting Declaration, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, and in doing so, the Court approves the Agreement, the proposed Notice, the proposed allocation and calculation of Individual Payments (as that terms is defined in the Agreement), and the proposed Service Award to Representative Plaintiff, Plaintiffs' Counsel's attorneys' fees and litigation expenses as follows:

1. On November 20, 2018, Representative Plaintiff filed this lawsuit. Representative Plaintiff filed an Amended Complaint on June 5, 2019.

2. Defendant filed its Answer to the Complaint and the Amended Complaint.

3. On October 7, 2019, the Court entered an Order conditionally certifying the following collective class: All former and current piece rate employees employed by Defendant at its Mentor and Euclid facilities who performed off-the-clock pre-shift work within three years preceding the date of the filing of the Complaint.

4. As of the date of this Order, 313 Opt-In Plaintiffs (including the Representative Plaintiff) submitted a Consent to Join form, which has been filed with the Court.

5. On November 12, 2020, the Parties engaged in an all-day mediation session under the direction of mediator Mike Ungar. The Parties' mediation discussions and settlement negotiations have culminated in settlement of this lawsuit.

6. The total settlement amount is $300,000.00. That amount does not include: the Settlement Administrator's costs or the required employer contributions with respect to any portions of the settlement payments or Service Award payment treated as wages under IRS Form W-2.

7. The settlement will cover 313 Plaintiffs, which include the Representative Plaintiff and the Opt-In Plaintiffs.

8. The Court approves and authorizes the distribution of the Notice (that is attached to the Agreement) and Individual Payment checks to the Plaintiffs in the manner, and subject to the terms and conditions set forth in the Agreement.

9. The Agreement provides that, in consideration of settlement payment to the Plaintiffs, the action is to be dismissed with prejudice.

10. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arm's-length negotiations between experienced counsel after substantial investigation, and mediation before a competent third-party neutral.

11. The Court has considered all relevant facts, including the risk, complexity, expense and likely duration of the litigation; the extent of investigation; the amount offered in the settlement; and the experience and views of counsel for the Parties.

12. The Court finds that the total settlement amount of $300,000.00 is fair and reasonable.

13. The Court finds that the proposed allocation and calculation of the Individual Payments (as defined in the Agreement) is fair and reasonable, and subject to the terms and conditions, set forth in the Agreement.

14. The Court approves the payment of attorneys' fees and litigation costs to Plaintiffs' Counsel as provided in the Joint Motion, and orders that such payments be distributed in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

15. The Court approves the payment of the additional Service Payment to the Representative Plaintiff, and orders that such Service Payment be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

16. The Court approves of Plaintiffs' release of claims as set forth in paragraph 32 of the Agreement, dismisses the claims of the Plaintiffs with prejudice, and enters final judgment dismissing them from the action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

17. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement and the distribution process.

**SO ORDERED:**

Date: _____12/30/2020_____     _____s/Pamela A. Barker_____
Pamela A. Barker
United States District Court Judge